Eminent domain; legislative taking; Wilderness Act; doctrine of primary jurisdiction. — On March 21, 1980 the court entered the following order:
Before Nichols, Judge, Presiding, Kashiwa and Smith, Judges.
Plaintiff in this interesting environmental case claims a Fifth Amendment taking of its coal reserves. Defendant is the surface owner. Plaintiff has by way of a reservation the right to remove minerals and the right to use as much of the surface as is necessary for removal.
On January 3, 1975, the Eastern Wilderness Act of 1975, Pub. L. No. 93-622, 88 Stat. 2096 (Eastern Wilderness Act), became law. Under the Eastern Wilderness Act, the area within which most of plaintiffs reserves are located was designated as the "Otter Creek Wilderness Area” and was made a part of the National Wilderness Preservation System subject to the Wilderness Act of 1964, 16 U.S.C. §§1131 etseq. (1976).
*675 In the Wilderness Act of 1964, a "wilderness” is defined by Congress as follows:
A wilderness, in contrast with those areas where man and his own works dominate the landscape, is hereby recognized as an area where the earth and its community of life are untrammeled by man, where man himself is a visitor who does not remain. An area of wilderness is further defined to mean in this chapter an area of undeveloped Federal land retaining its primeval character and influence, without permanent improvement or human habitation, which is protected and managed so as to preserve its natural conditions and which (1) generally appears to have been affected primarily by the forces of nature, with the imprint of man’s work substantially unnoticeable; (2) has outstanding opportunities for solitude or a primitive and unconfined type of recreation; (3) has at least five thousand acres of land or is of sufficient size as to make practicable its preservation and use in an unimpaired condition; and (4) may also contain ecological, educational, scenic or historical value. [16 U.S.C. § 1131(c).]
We specifically quote the above section of the Act in full to show that the Act itself defines "wilderness” in very broad and unusual terms. Plaintiff places much emphasis on this definition.
The Department of Agriculture, through the Secretary of Agriculture, has been vested with authority, pursuant to 16 U.S.C. § 551 (1976), to manage national forests and has been directed by the Eastern Wilderness Act to manage the "Otter Creek Wilderness Area” so as to maintain and preserve its "wilderness” character.
Plaintiff contends that the enactment of the Eastern Wilderness Act was a "taking” of its coal reserves by the United States without the payment of just compensation. In its Motion to Dismiss, the United States contends that, pursuant to the doctrine of primary jurisdiction, plaintiff cannot bring a claim for just compensation until it has first sought and been denied permission to mine the reserves by the Forest Service. Plaintiffs response to this contention is that the doctrine of primary jurisdiction should not be applied to this case because:
*676 a. Plaintiff cannot mine its mineral reserves without violating the Eastern Wilderness Act and, therefore, it has been deprived of all use, enjoyment and possession of its property by the United States without the payment of just compensation;
b. The Forest Service does not have discretion to permit plaintiff to mine its mineral reserves;
c. The Forest Service has published its position that the mining activity which would be absolutely necessary for plaintiff to mine its mineral reserves would violate the Eastern Wilderness Act and that it intends to purchase plaintiffs mineral reserves; and
d. A requirement of prior agency denial of an application by plaintiff for permission to mine not only would be futile but also would cause plaintiff substantial, needless expense and delay.
Defendant contends that the issues now before the court are extremely narrow ones: (1) Do the Eastern Wilderness Act of 1975, Wilderness Act of 1964 and Surface Mining Control and Reclamation Act of 1977 absolutely prohibit plaintiff from exercising its reserved coal interests underlying the Otter Creek Wilderness Area? (2) Should plaintiff be required to utilize the available administrative processes prior to judicial review by the court?
The questions presented raise substantial and important questions in the area of our "taking” cases.
There are four motions now pending in this case:
(1) Defendant’s motion to dismiss;
(2) Plaintiffs motion for oral argument;
(3) Plaintiffs motion for leave to file a first amended petition;
(4) Defendant’s motion to strike.
We rule that plaintiffs motion (3) above listed, for leave to file a first amended petition, should be allowed. Rule 39(a) of the Rules of the court provides that leave to amend should be "freely given when justice so requires.” This Rule should be liberally construed. Hess v. United States, 210 Ct. Cl. 483, 537 F.2d 457 (1976), cert. denied, 430 U. S. 931 (1977). As long as no prejudice results, the court should grant leave to amend. Cities Service Helex, Inc, v. United States, 211 Ct. Cl. 222, 543 F.2d 1306 (1976).
*677 We further rule that defendant’s motion (1) above listed, to dismiss, be treated as one for summary judgment. Rule 38(b) of the Rules of the court provides that:
If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and are not excluded by the Court, the motion shall be treated as one for summary judgment and shall be disposed of as provided in Rule 101. * * *
We have come to this conclusion because the record already contains hundreds of pages of matters outside the pleadings submitted by plaintiff and defendant. Since we consider defendant’s motion to dismiss a motion for summary judgment, we deny defendant’s motion to strike, (4) above listed. The affidavits of William G. Allen, Steve Keen and James Todd and the exhibits attached thereto appear pertinent to the issues presented by the motion for summary judgment by defendant.
Plaintiffs motion for oral argument, (2) above listed, is allowed. Because of our choice to consider defendant’s motion to dismiss as a motion for summary judgment, the parties may wish to submit further documents, affidavits or other pertinent materials to support or oppose defendant’s motion for summary judgment before oral argument is held. We recommend that the oral argument be set no earlier than on the May calendar of this court. This will give ample time for both parties to prepare.
it is therefore ordered that the four motions above listed are decided as follows:
(1) Defendant’s motion to dismiss is hereafter considered as a motion for summary judgment under Rule 38(b);
(2) Plaintiffs motion for oral argument is granted;
(3) Plaintiffs motion for leave to file a first amended petition is granted;
(4) Defendant’s motion to strike is denied.